**William A. MURRAY, Plaintiff–Appellant,**

v.

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS, et al., Defendants–Appellees.**

No. 04–1256.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.*

Decided Nov. 15, 2004.

Before COFFEY, ROVNER, and SYKES, Circuit Judges.

### ORDER

In an amended complaint, William Murray sued seven individuals, four state entities, and one private company under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, alleging that they conspired to violate his rights to freedom of association, freedom of religion, freedom of speech, due process, confrontation, and freedom from double jeopardy. The district court dismissed the suit with prejudice as frivolous. We affirm.

The district court had previously dismissed Murray's first complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but granted him leave to file an amended complaint that complied with Federal Rule of Civil Procedure 8(a). The court noted that it was unable to discern which of the numer-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ous entities named in the complaint violated which of the statutes or how they did so. In response, Murray filed his amended complaint asserting essentially the same claims.

As best we can tell from his amended complaint, Murray was employed as an administrative clerk by the University of Illinois at Chicago ("UIC") from 1988 to 1990 and was also taking classes, but from there the story becomes clouded. We relate the events from a 13–year period as Murray tells them: In 1989 the former chancellor of UIC went to the mathematics class that Murray was taking and forced two blonde women to sit apart from Murray, who is black. In 1991 the UIC police charged Murray with disorderly conduct; although Murray asserts that the case was dismissed, several individuals continued "investigating" and "prosecuting" him. In 2002 the Illinois Department of Human Rights "investigated" a charge of racial discrimination that Murray filed in 1989. Because of that investigation, the defendants have, among other things, stalked Murray, made false reports to police, breached the peace, committed hate crimes, and impersonated a police officer, a court-appointed psychologist, and state prosecutors. The defendants also spread false rumors that Murray was under investigation for crimes including sexual assault, marital rape, disorderly conduct, witness tampering, soliciting child pornography, and commercial burglary. The defendants further conspired with UIC to cover up racial discrimination and misconduct by UIC. Murray alleges that the motive for the defendants' actions is their belief that "he had sexual relations with white women" and that "he once had an office suite in a predominantly white suburb."

The district court held a hearing to question Murray about the substance of his claims. Based on Murray's responses, the court characterized all of the claims in the amended complaint as frivolous and dismissed the suit with prejudice. On appeal, however, Murray asserts that the court really dismissed his case because the court was not willing to believe that high-ranking officials at UIC would be involved in the conduct he alleged. Murray characterizes the dismissal as an "attempt to obstruct justice." But he tells us nothing about what transpired at the hearing where he was asked to elaborate on his complaint, and sheds no light on what reasons the court gave for dismissing the suit.

We review for abuse of discretion the district court's decision to dismiss Murray's complaint as frivolous. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Murray is correct that a complaint cannot be dismissed as frivolous "simply because the court finds [the] allegations unlikely." *Id.* Nonetheless, a court may dismiss a complaint as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Murray has not provided us with sufficient evidence, such as a transcript from the hearing, to show that the district judge improperly relied on his personal beliefs when it dismissed his claims. Federal Rule of Appellate Procedure 10(b)(1)(A) places the burden on the appellant to "order from the reporter a transcript of such part of the proceedings not already on file as the appellant considers necessary." And Murray has not shown that the district judge attempted to "obstruct justice." As a result, we cannot say that the district court abused its discretion.

Accordingly, we AFFIRM the district court's judgment.